IN THE UNITED STATES DISTRICT-COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RDC NO
REC'D/FILED
2017 NOV 17 AM 10:45
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

CORNELIUS ISAAC HUNTER

   Plaintiff,

Vs.

Case No. 17 C 876

US CORRECTIONS TRANSPORT,
PRISONER TRANSPORT SERVICES,
JOHN SIMMONS, and JOHN DOE,

CIVIL RIGHTS COMPLAINT 28 U.S.C.
§ 1331 and UNDER 21.8.C. 1983

A. PARTIES

1. Plaintiff is a citizen of Eau Claire, Wisconsin, and is located at 710 2nd Avenue, Eau Claire, WI 54701, The County Jail facility.

2. Defendant US Corrections Transport, 4150 Dow Road #1 and is located at Melbourne, Florida 32934

3. Defendant Prisoner Transport Service, employer, 4150 Dow Road #1 located in Melbourne, Florida 32934

4. Defendant JOHN SIMMONS, Sergeant and Supervisor, 4150 Dow Road #1 and is located in Melbourne, Florida 32934

5. Defendant John Doe, Second Driver, employee, 4150 Dow Road #1 and is located in Melbourne, Florida 32934

1

## STATEMENT OF THE FACTS

1. On or about June 31, 2015 while being transported from Las Vegas County Detention Center to Eau Claire, Wisconsin, the Plaintiff was under the care, custody and control of John Doe(1) and John Doe(2)

2. During the transport of Plaintiff and eleven (11) other detainees, John Doe(1) and John Doe(2) stopped at a hotel in Gila Bend, Arizona for their own pleasure.

3. They exited the vehicle and turned off the ignition, which subsequent terminated the flow of air from the air conditioner, and rolled up the windows.

4. At that time in the midst of summer, the temperature topped over 120°.

5. After about thirty minutes we were becoming nauseated and having heat stroke symptons.

6. After approximately forty-five minutes, the effects of dehydration started to set in, and the Plaintiff began to black in and out with no signs of the transport officers John Doe(1) or John Doe(2)

7. After an hour the Plaintiff started to feel like the life was slipping out of him still no sign of the transport officers John Doe(1) and John Doe(2)

8. Plaintiff could hear other detainees banging on the sides of the vehicle trying to get someone attention and calling out for help or assistance from anyone that happened to pass by

9. After an hour and a half Plaintiff passed out, and actually could not catch his breath.

## STATEMENT OF THE FACT CONT.'

10. Plaintiff came around from all the noise and panicking inside the vehicle and noticed several other inmates were unconscious from our heated conditions

11. Plaintiff was unable to maneuver because he was still handcuffed and feeling exhausted and weak.

12. Plaintiff felt as if he was about to die, and the other eleven (11) detainees were yelling and screaming.

13. After approximately two (2) hours, that seemed like a lifetime someone came to their rescue.

14. However, the person must have notified the officers but it was too late. The detainees broke the windows and cried out for help.

15. The Plaintiff and the other severely injuried detainee were rescued by the Gila Bend's Fire Rescue first responders and immediately transported to Goodyear, Arizona to Alberta Hospital for treatment and medical care.

16. Upon their arrival at the hospital, staff asked did the company have medical insurance, and Sgt. John Simmons advised them that there was no medical coverage for the inmates.

17. After minor treatment they continued on to Eau Claire, Wisconsin, and booked into the Eau Claire County Jail.

18. Plaintiff filed a formal grievance to the Dept. of Corrections, with Michael Felton, Supervisor for Probation and Parole.

19. On August 19, 2015 the Plaintiff signed a waiver to release the statements and medical records. (See Exh. "A").

20. On August 20, 2015 all the information was referred to US Corrections.

21. There were no further movement by either entities as of this date.

3

## STATEMENT OF THE FACTS

22. On April 28, 2017, Plaintiff contacted Mike Felton because of the Statutes of Limitation became an issue, to seek monetary damages. (See Exh. "B")

23. On May 11, 2017, Plaintiff, he received a response from Mike Felton. (See Exh. "A").

## PRELIMINARY STATEMENT

The Plaintiff suffered irreparable harm due to the extreme conditions forced on him by these malfeasors. It reaches the bar of liability.

More importantly, a policy change occurred and additional training was immediately implemented to avoid this type of malicious and horrific type of situation, never happen again. This change in policy allows for compensation for pain and suffering.

## CAUSE OF ACTION

A cause of action can be met due to the change of policy and intense proper training. The law does not allow for any protected class of citizen to experience such extreme conditions with some form of redress, and this has caused this action.

4.

## Violations of Human and Civil Right

1. Gross Negligence
2. Contributory Negligence
3. Cruel And Unusual Punishment
4. Abuse Of Authority
5. Criminal Negligence
6. Deliberate Indifference
7. Reckless Disregards For Safety

## GROUN ONE
## GROSS NEGLIGENCE

Plaintiff restates in its entirety the statement of Fact set forth in paragraphs 1 thru 23 and the cause of action as follows:

The standard established to reach the level of gross negligence require the plaintiff experience a pain not common under normal circumstances. As the company took on the responsibility of transporting a group that are categorized as a "special class of citizen." Specific measures must be taken to protect them against certain potential problems and mishaps.

It is clearly established that these transport officer created condition due to their gross negligence. that cause an unpredictable consequences. Plaintiff now experience anxiety from closed in environment, and diagnosed with claustrophobia, and post traumatic stress disorder.

5

## GROUND TWO
### CONTRIBUTORY NEGLIGENCE

Plaintiff restates in its entirety the Statement of Fact set forth in paragraphs 1 thru 23 and the cause of action as follows:

Who contributed to the negligent conditions that left two detainees hospitalized can not be taken lightly. Both officers knew the hazardous conditions their passengers were under. There was a supervisor who made the decision to leave them inside the vehicle under these extreme conditions.

The contributory conditions are established because both employees agreed to leave them in the hot overheated van. Some claimed that the air conditioner never worked, which would make the company owners apart of the contributors of the cause of action.

## GROUND THREE
### CRUEL AND UNUSUAL PUNISHMENT

Plaintiff restates in its entirety the Statement of Fact set forth in paragraphs 1 thru 23 and the cause of action as follows:

The eight Amendment to the United States Constitution prohibits anyone being placed in a situation, under cruel and unusual punishment. When you are forced by be restrained, and restricted with handcuffs, chains and locked doors, and suffering under abnormal, extreme heat with no relief, it could easily be considered cruel, and the unusual has the earmarks of being punishment by circumstance and conditions.

Cruelty is defined by abnormal actions that cause pain, sufferings and unnecessary pressure to a certain person that is unbearable.

## GROUND FOUR
### ABUSE OF AUTHORITY

Plaintiff restates in its entirety the Statement of Fact setforth in paragraphs 1 thru 23 and the cause of action as follows:

When it comes to abuse of authority under the totality of circumstances, the court must consider the conditions and position of those in authority, whether their conduct reached the level as malfeasant or could it have been avoided.

They abused their authority when they did not act on what was in their power to prevent. Someone in authority is required to use the power to act responsible, and clearly these malfeasant actors were totally irresponsible, and against what would be normal behavior to at least park the van in the shade.

## GROUND FIVE
### CRIMINAL NEGLIGENCE

Plaintiff restates in its entirety the Statement of Fact setforth in paragraphs 1 thru 23 and the cause of action as follows:

The law does not allow any one to leave someone inside a locked vehicle, without ventilation, some form of cooling system, or opening to address the environmental conditions at the time.

For an example, a mother will be charged and arrested if she or any parent were to leave their child in the same condition. The laws for this kind of treatment are clearly established to cover negligence, indifference and reckless behavior by anyone entrusted with the care and safety of a person or persons responsible for the well-being of any individual.

7

## SIX
## DELIBERATE INDIFFERENCE

Plaintiff restates in its entirety the statement of Fact setforth in paragraphs 1 thru 23 and the cause of action as follows:

When the court consider how these trusted custodians misconduct shows no real concern for those special class of citizens well-being. The air conditioner was on during the time they were in the vehicle. It was apparent that they knew it was extremely hot, and one of the drivers stated they'll be alright as they exited the vehicle.

The deliberate indifference can be clearly embraced by the circumstances and attitudes of the officers. If the good Samaritans would not have come to their rescue, all of these detainees, inmates and human being could have perished without a fair trial, review or hearing.

## SEVEN
## RECKLESS DISREGARD FOR THEIR SAFETY

Plaintiff restates in its entirety the Statement of Fact setforth in paragraphs 1 thru 23 and the cause of action as follows:

Reckless behavior has not been fully developed by the Statement of Fact setforth, because it would require knowing what the mindset and attitudes of these officers were at the time.

When trying to weigh the facts with the incident there are specific signs that will bring about the desired results. You can only assess the behavior by what happens when certain things are omitted that should have been in place. The officers were reckless because they made no provisions to protect the persons in their care. The safety of their passengers should have been paramount.

## SUMMARY ARGUMENT

Plaintiff waited for an answer to his grievance and was under the due process expectations, and both companies were merged. US PRISONER TRANSPORT, and US CORRECTIONS TRANSPORT COMPANY, which made it impossible to ascertain who would respond to the grievance procedures.

## RELIEF SOUGHT

1. Plaintiff seek compensation for the mental anguish caused by the conditions he was forced to endure of five hundred thousand ($500,000.00) dollars.

2. Plaintiff seek compensation for the pain and suffering of one point five million ($1,500,000.00) dollars.

3. Plaintiff seek compensation for the psychological damage of claustrophobia of ($500,000.00) dollars.

4. Plaintiff seek relief for the extended psychological care of Post Traumatic Stress Disorder, where he experiences caused him to be under medication to handle the irratic symptoms.

WHEREFORE the Plaintiff make his Demand For A Jury Trial to make this type of abusive practices never happen again.

Respectfully submitted

*Cornelius I. Hunter*

Cornelius I. Hunter
710 2nd Avenue
Eau Claire, WI 54701
PLAINTIFF IN PRO SE

See attached Complaint (handwritten)

E.  JURY DEMAND

    [X] Jury Demand – I want a jury to hear my case
           OR

    [ ] Court Trial – I want a judge to hear my case

Dated this __14__ day of __November__ 20_17_.

Respectfully Submitted,

_____
Signature of Plaintiff

__229917__
Plaintiff's Prisoner ID Number

__710 Second Ave Eau Claire, WI__

__54703__
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

[X] I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

[ ] I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Attachment One (Complaint) – 5