IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CORNELIUS HUNTER,

                                                 OPINION AND ORDER

              Plaintiff,

                                                  17-cv-876-bbc

   v.

US CORRECTIONS TRANSPORT,
PRISONER TRANSPORT SERVICES,
JOHN SIMMONS and JOHN DOE,

             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Cornelius Hunter, who is incarcerated at the Eau Claire County jail in Eau Claire, Wisconsin, has filed a proposed complaint under 42 U.S.C. § 1983 and state law in which he alleges that employees of two Florida transportation companies left him and eleven other pre-trial detainees in a van without air conditioning for two hours in extreme heat in Arizona. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A. For the reasons explained below, I am directing plaintiff to show cause why this case should not be dismissed for lack of personal jurisdiction over the defendants.

      Plaintiff fairly alleges the following facts in his complaint.

ALLEGATIONS OF FACT

Plaintiff Cornelius Hunter is currently incarcerated at the Eau Claire County Jail in Eau Claire, Wisconsin. At all times relevant to this complaint, he was a pretrial detainee.

Defendants US Corrections Transport and Prisoner Transport Services are private companies located in Melbourne, Florida that transport inmates for state authorities. Defendant John Simmons is a sergeant and supervisor and defendant John Doe is an employee and driver. (It is unclear whether the companies are related or which company the individual defendants work for.)

Around June 30, 2015, defendants Doe and Simmons were transporting plaintiff and 11 other detainees from the Las Vegas County Detention Center to Eau Claire, Wisconsin. (Although plaintiff alleges that he was in the custody of "John Doe 1 and John Doe 2," I understand him to be referring to the two named individual defendants.) Defendants Doe and Simmons stopped at a hotel in Gila Bend, Arizona, rolling up the windows on the van and turning off the vehicle. It was over 120 degrees Fahrenheit at that time of year. After 30 minutes, plaintiff became nauseated and had signs of heat stroke. He was dehydrated and "black[ing] in and out," and he passed out after an hour and a half. The other detainees were yelling and banging the sides of the vehicle, and some also passed out.

It was more than two hours before the Gila Bend first responders arrived to rescue the detainees and brought them to the hospital for medical treatment. Defendant Simmons told hospital staff that the company did not have medical coverage for the inmates.

OPINION

I understand plaintiff to be raising a claim that defendants violated his constitutional rights when they subjected him to a substantial risk of serious harm by leaving him in a locked, closed vehicle in extreme heat without air conditioning or open windows. Plaintiff also alleges that defendants were negligent.

Two obvious questions raised by plaintiff's amended complaint are whether this court may exercise personal jurisdiction over any of the defendants and whether venue is appropriate in this district. A federal district court cannot exercise personal jurisdiction over a defendant unless that defendant has certain "minimum contacts" with the state in which the court is located. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997). Venue generally is not appropriate in a district unless one of the *defendants* resides there or the events giving rise to the complaint occurred there. 28 U.S.C. § 1391(b).

In this case, plaintiff alleges that defendants are located in Florida and all of the relevant events occurred in Arizona. Plaintiff does not identify any contacts that any of the defendants have with Wisconsin, other than the fact that they were driving him to Eau Claire. Further, even if the corporate defendants had some connection to Wisconsin, "[a] court may not exercise jurisdiction over individual officers or employees of a corporation merely on the basis of contacts sufficient to justify the exercise of personal jurisdiction over the corporation." 16 Moore's Federal Practice § 108.42[3][b][iii] (3d. 2017). In other words, a court cannot exercise jurisdiction over employees like Simmons and Doe simply

3

because they work for a company that is located in the state in which the court sits. The plaintiff must point to personal contacts between the state and the employee.

In sum, it appears that the only reason that plaintiff filed the lawsuit here is that he is incarcerated at the Eau Claire County jail, which is located in Wisconsin. However, he does not allege that his incarceration is related to his claims. The fact that plaintiff is incarcerated here is not sufficient to make an exercise of personal jurisdiction proper or to make venue appropriate. Walden v. Fiore, 134 S. Ct. 1115, 1118 (2014) ("[P]laintiff's contacts with the forum State cannot be decisive in determining whether the [court may exercise personal jurisdiction over a defendant].") (internal quotations omitted); Green v. Beth, No. 15-cv-540-bbc, 2017 WL 436057, at *1 (W.D. Wis. Feb. 1, 2017) ("[T]he convenience of the plaintiff is not a factor that I may consider [in determining proper venue].").

Accordingly, I am directing plaintiff to show cause why this case should not be dismissed for lack of personal jurisdiction over the defendants. It makes little sense to require the U.S. Marshals to travel across the country to serve the complaint if there is no basis for keeping the case in this district. If plaintiff believes that the case should be transferred instead of dismissed, Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986) (court may grant motion to transfer venue without deciding whether court may exercise personal jurisdiction over defendants), plaintiff should explain why he believes the case should be transferred to a particular federal district. To prevail on a motion to transfer venue, plaintiff

4

would have to show that an exercise of personal jurisdiction would be appropriate in the other district.  Jennings v. AC Hydraulic A/S, 383 F.3d 546, 551–52 (7th Cir. 2004).

ORDER

IT IS ORDERED that plaintiff Cornelius Hunter may have until March 5, 2018, to show cause why this case should not be dismissed for lack of personal jurisdiction over the defendants.  If plaintiff does not respond by that date, I will dismiss the case.

Entered this 5th day of February, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge