IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CORNELIUS HUNTER,

                                      Plaintiff,

     v.

US CORRECTIONS TRANSPORT,
PRISONER TRANSPORT SERVICES,
JOHN SIMMONS and JOHN DOE,

                   Defendants.

ORDER

17-cv-876-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Cornelius Hunter, who is incarcerated at the Eau Claire County jail in Eau Claire, Wisconsin, has filed a proposed complaint under 42 U.S.C. § 1983 and state law in which he alleges that employees of two Florida transportation companies left him and eleven other pre-trial detainees in a van without air conditioning for two hours in extreme heat in Arizona. After screening plaintiff's complaint under 28 U.S.C. § 1915A, I entered an order directing plaintiff to show cause why his case should not be dismissed for lack of personal jurisdiction over the defendants, who have no apparent contact with the state of Wisconsin. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997) (federal district court cannot exercise personal jurisdiction over defendant who does not have "minimum contacts" with state in which court located).

In his response to the show cause order, plaintiff agrees that this court may not exercise personal jurisdiction over any of the defendants and asks that I transfer his case. Dkt. #12. In my previous order, I told plaintiff that if he wanted me to transfer his case instead of dismissing it, he must explain why he believes the case should be transferred to a particular federal district and show that an exercise of personal jurisdiction would be appropriate in that district. He failed to do either of these things in his response.

Because plaintiff alleges that defendants are located in Melbourne, Florida and all of the relevant events occurred in Gila Bend, Arizona, I assume that he may wish to transfer his case to either the Middle District of Florida or the District of Arizona. I will give plaintiff one more opportunity to identify which district he would like his case transferred to, why he believes venue is appropriate in that district and why an exercise of personal jurisdiction would be appropriate in the other district. 28 U.S.C. § 1391(b) (venue generally appropriate in district where one of defendants resides or where events giving rise to complaint occurred).

ORDER

IT IS ORDERED that plaintiff Cornelius Hunter may have until March 27, 2018, to show why this case should be transferred. If plaintiff does not respond by that date, I will

dismiss the case.

Entered this 28th day of February, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge